# SUPREME JUDICIAL COURT

#### FOR THE

## COUNTY OF WORCESTER, SEPTEMBER TERM 1846, AT WORCESTER.

PRESENT ·

Hon. LEMUEL SHAW, Chief Justice.
Hon. SAMUEL S. WILDE,
Hon. CHARLES A. DEWEY, } Justices
Hon. SAMUEL HUBBARD,

## Joseph Thayer *vs.* Moses Buffum & others.

The *St.* of 1839, *c.* 121, which provides that "in any action brought upon a promissory note payable on demand, by an indorsee against the promisor, any matter shall be deemed a legal defence, which would be a legal defence to a suit on the same note, if brought by the promisee," does not apply to an action brought by the indorsee of a note given by a firm, payable to one of the members thereof, or his order, where the only objection to the maintenance of the action is, that the promisee could not have maintained an action against the promisors.

Assumpsit on the money counts and on this note: "November 17th 1839. For value received, we promise to pay Thomas Bates, or order, three hundred and seventy eight dollars and fifty one cents, on demand, with interest.

Branch Manufacturing Company,

By Moses Buffum, Agent."

At the trial in the court of common pleas, before *Merrick*, J.

it appeared that the Branch Manufacturing Company was an unincorporated partnership, consisting of the defendants and Thomas Bates, the payee of said note, and that Bates, several months after the note was made, indorsed it to A. Taft, who indorsed it to the plaintiff. The judge ruled that no action could have been maintained upon the note by Bates against his copartners, and that, by force of *St.* 1839, *c.* 121, no action could be maintained upon it by an indorsee. A verdict was taken for the defendants, and the plaintiff alleged exceptions.

This case was decided at the last September term.

*C. Allen & Chapin*, for the plaintiff.

*Barton*, for the defendants.

Shaw, C. J.    By *St.* 1839, *c.* 131, § 1, it is provided, that " in any action brought upon a promissory note payable on demand, by an indorsee against the promisor, any matter shall be deemed a legal defence, and may be given in evidence accordingly, which would be a legal defence to a suit on the same note, if brought by the promisee." By the use of the term " defence " in this statute, the legislature looked to such legal and equitable considerations as would constitute a good answer to the suit if brought by the promisee ; such as payment, set-off, and the like ; but it does not extend to a mere disability to sue.

It is well settled that a note made by a partnership to one of its own members, or his order, when indorsed, will enable the indorsee to maintain an action upon it. It is the promise of all to the order or appointee of one ; and when the appointment is made by an indorsement, it is a valid contract with the indorsee. *Pitcher* v. *Barrows*, 17 Pick. 361. *Smith* v. *Lusher*, 5 Cow. 688. *Blake* v. *Wheadon*, 2 Hayw. 109. So of a note payable by one to his own order. *Little* v. *Rogers*, 1 Met. 108. The promisee himself (Bates) could maintain no suit, not because the partnership would have any legal or equitable defence, but on account of the inflexible rule, that the same person cannot be plaintiff and defendant in the same suit at law. *Eastman* v. *Wright*, 6 Pick 316

Collyer on Part. (1st. ed.) 383.   The statute intended to include
such matter of defence as had before been considered doubtful
in case of dishonored notes sued by an indorsee.    *Sargent* v.
*Southgate*, 5 Pick. 312.    A note payable on demand is open
to any defence which could be made to a suit brought on it
by the promisee, if the promisee were not disabled from
bringing such suit.                         *New trial granted.*